[687 NYS2d 659]

In the Matter of RICHARD H. DAVIES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 5, 1999

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Sharon M.J. Commissiong* of counsel), for petitioner.

*Kaplan & Katzberg,* New York City (*Kenneth J. Kaplan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing seven charges of professional misconduct against him. The Grievance Committee withdrew Charges One and Two during the course of the disciplinary proceeding due to the complainant's unavailability. After a hearing, the Special Referee sustained the remaining five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report and to consider mitigating factors in the imposition of discipline.

Charge Three alleged that the respondent failed to cooperate with the Grievance Committee in a timely fashion in its investigation of a complaint by Leo Hickman, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (7) (now [8]) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated February 4, 1994, the Grievance Committee advised the respondent of the Hickman complaint and requested his response within 15 days. The Grievance Committee received no response.

By letter dated April 4, 1994, the Grievance Committee advised the respondent that it had not received his response to the Hickman complaint and requested his response within 10 days. Again, the Grievance Committee received no response. The Grievance Committee thereafter served a judicial subpoena on the respondent at his home in New Jersey, ordering his appearance at the Grievance Committee's offices on July 19, 1994. The respondent appeared for a deposition on that date and also submitted a response to the Hickman complaint.

Charge Four alleged that the respondent converted and misappropriated $70,000 received by him from the complainant Robert Urbine, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

The complainant served as President of a North Carolina company, which was in need of financing in order to fund an insurance company. A loan broker, Tyghe Williams, agreed to obtain financing of $1,500,000 for a fee of $70,000. Mr. Wil-

liams forwarded to the respondent an "irrevocable letter of instructions" which provided that the $70,000 would be deposited from Pennsylvania into the respondent's Merrill Lynch account in New York in order to obtain collateral in the form of GNMAs. The respondent was to return the funds to the complainant if the loan did not close within seven working days.

On or about November 16, 1992, the complainant wired $70,000 from Mellon Bank in Philadelphia to the respondent's New York Merrill Lynch account. The loan did not close within seven working days.

Although the complainant began requesting return of the $70,000 approximately one month later, the respondent failed to return the money. The complainant initiated a complaint with both the FBI and the local District Attorney. Both the FBI and the District Attorney declined to prosecute based on a lack of jurisdiction.

The complainant initiated a civil suit in Bergen County, New Jersey, for the return of the $70,000. The civil action remains pending.

Charge Five alleged that the respondent failed to cooperate with the Grievance Committee in a timely fashion in its investigation of the Urbine complaint, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated February 25, 1994, the Grievance Committee requested the respondent's answer to the Urbine complaint within 10 days. The Grievance Committee received no response.

By certified letter dated April 4, 1994, the Grievance Committee advised the respondent that it had not yet received his response and requested an answer within 10 days. Again, the Grievance Committee received no response.

By certified letter dated May 4, 1994, the Grievance Committee demanded the respondent's answer within five days. The respondent still failed to reply.

The Grievance Committee thereafter served a judicial subpoena on the respondent, ordering his appearance at the Grievance Committee's offices on July 19, 1994. The respondent appeared on that date but invoked his Fifth Amendment right against self-incrimination with respect to the Urbine complaint. He also submitted an answer to the Urbine complaint, memorializing his oral invocation of the Fifth Amendment.

Charge Six alleged that the respondent converted bonds belonging to the complainant, Lawrence C. Taylor, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

The complainant filed a complaint with the Grievance Committee alleging that the respondent received bonds from him on two occasions, for the purpose of selling them, withholding half of the proceeds, over and above the cost of the bonds, and remitting the balance to the complainant. On or about September 6, 1993, the complainant sent the respondent five Brandenburg Electric Power Company 25-year "Sinking Fund 6% Gold Bonds". The bonds were sent upon the respondent's representations that he had potential purchasers, that the sales would be completed within two to three weeks, that the bonds had not yet been paid for, and that the complainant was willing to equally share any proceeds, beyond the cost of the bonds, with the respondent.

On or about November 10, 1993, the complainant personally delivered an additional 25 Brandenburg bonds to the respondent. The respondent represented to the complainant that he had sold the additional bonds and that the funds were being transferred by the purchaser to pay for them. By late December 1993, the respondent had still not paid the complainant, notwithstanding the respondent's representations. As of the date of the petition, the complainant had not received from the respondent either the bonds, payment therefor, or a reasonable explanation for the respondent's failure to do either.

The complainant initiated criminal complaints with both the FBI and the local District Attorney. The FBI undertook an investigation while the District Attorney assessed the matter and declined to prosecute. A civil suit is pending.

Charge Seven alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the Taylor complaint, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated September 10, 1996, the Grievance Committee requested that the respondent submit a written answer within 15 days. The Grievance Committee received no response. By letter dated November 8, 1996, the Grievance Committee requested the respondent's answer within 10 days. Again, the Grievance Committee received no response. By certified letter dated December 5, 1996, the Grievance Committee demanded the respondent's answer within five days. The Grievance Committee has not received any communication from the respondent with respect to this matter.

Based on the evidence adduced, the Grievance Committee properly sustained Charges Three, Four, Five and Seven, in their totality, and Charge Six except for that portion thereof as attempted to fix the value of the bonds. Accordingly, the Special Referee's findings are confirmed and the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's contentions that he acted without venal intent, that he has no disciplinary history, and that he has been under an interim suspension since April 24, 1997. The respondent further emphasizes the confusing nature of the Letter of Instructions in the Urbine matter and the absence of proof of actual loss with respect to the Taylor complaint. Under the totality of the circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, MILLER, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard H. Davies, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard H. Davies is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.